JANVIER, Judge.
This suit results from a building contract for more than $500 which was in writing and was recorded in the mortgage records of the Parish of Jefferson, but on which the general contractor had not been required by the owner to furnish a contractor’s bond.
The plaintiff, Travis H. Smith, is a subcontractor who alleges that he was employed by the general contractor, General Contractors, Inc., to do certain brick work required by the general contractor, and that there is due him the sum of $1,390, and that, since the owner did not require the general contractor to furnish bond as he might have done in accordance with section 5 of Act 139 of 1922, as amended by Act 230 of 1924, LSA-R.S. 9:4806, the owner, as well as the general contractor, is liable to him, and that he is entitled to a lien on the property on which the work was done. He prays for solidary judgment against both General Contractors, Inc., and Victor Phillip, and for recognition of his lien on the property in question.
The owner in effect denies all of the allegations of the plaintiff, and then avers that the work which was done by plaintiff was so defective that he, the owner, was required to spend $600 in remedying the defects. He also avers that he had paid to *638 plaintiff on account $20 in 'cash and that he had loaned to plaintiff a wheelbarrow valued at $38, which has not been returned and that accordingly he is entitled to a credit of $58. He does not pray for a diminution of the charge of plaintiff to the extent of $600, but prays for a dismissal of the suit.
There was judgment dismissing the suit as against Victor Phillip. In the judgment no reference whatever was made to the claim as against the other defendant, General Contractors, Inc., and plaintiff has appealed.
We approach the matter in what may seem reverse order and at once find no merit in the contention of defendant, Victor Phillip, that he is entitled to a credit of $58 for the amount said to have been advanced and for the value of the wheelbarrow. The evidence as to these items is far from convincing and is, to say the least, most sketchy.
The claim that there were defects and that they resulted from improper work of the plaintiff is supported only by the testimony of defendant, Phillip, and his wife. No contractor or other building expert was placed on the stand to corroborate those statements and no receipts were produced to show that the amount claimed was spent. If there were repairs made, they were not made until almost a year after the building had been completed and after defendant and his wife had moved into it. The work of the plaintiff was accepted by General Contractors, Inc., and no one representing that defendant was placed on the stand to testify that there were any defects.
While the defense of payment was not pleaded, and while the District Judge gave no reasons for dismissing the suit, a reading of the record indicates that he felt that the plaintiff had been paid for his work and in the record appears several statements of the District Judge which indicate this.
The thought of the District Judge, that plaintiff had been paid, resulted from the fact that while the work was in progress General Contractors, Inc., gave to the plaintiff subcontractor two checks, one for $400 and one for $690. The record shows, however, that these checks were not honored by the bank on which they were drawn.
When plaintiff received the first of these checks which was for $400, needing the money to pay off his labor, he took it to his grocer with whom he was friendly, and the grocer was good enough to cash it for him. A few days later the plaintiff gave the other check for $690 and again the grocer was kind enough to cash it for him as the first check had not, at that time, been returned by the bank of the grocer with which he had deposited it. When the two checks came back dishonored, the plaintiff said that he “was called upon” to repay the amounts to his grocer, but he said that: “ * * * I did not have anything to make it good with.” It was at this point that the District Judge made one of his statements which indicate that he felt that the plaintiff had been paid for he said: “But you still got the money? No matter who paid you, you got the money for what your bill was, didn’t you?” To this statement the plaintiff replied: “I received the money from Mr. Coppola (the grocer) who cashed the check. By General Contractors I never was paid.”
Even if the receipt of these two checks totalling $1,090 could be considered as payment of the amounts represented by them, there would still be due to plaintiff the balance amounting to $300 for which it is not contended that he has been paid. But it certainly cannot be said that plaintiff was paid. The checks given him were totally worthless. He obviously owes the amount represented by them to his grocer and he has not been paid by General Contractors, Inc., who owed him the money.
Since the owner, Victor Phillip, did not require the bond and since the lien was *639 recorded within the time required, both he, the owner, and the contractor are liable to the plaintiff and the property is subject to the recorded lien.
Accordingly the judgment appealed from is annulled, avoided and reversed, and there is now-judgment in favor of plaintiff, Travis H. Smith, Sr., and against the defendants, Victor Phillip and General Contractors, Inc., solidarily in the sum of $1,-390, with interest from judicial demand, and with recognition of the lien of plaintiff recorded in M. O. B. 304, Folio 611 of the Parish of Jefferson.
Reversed.